Michael B. Palillo P.C.
Attorney for the Plaintiff
277 Broadway Suite 501
New York, New York 10007
212-608-8959
212-608-0304
mpalillo@palillolaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action No:
Date Filed:

-------------------------------------X

MARIA FALCHETTI

Plaintiff,

-against-

**VERIFIED COMPLAINT**

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, DETECTIVE MIKE CIVIL SHIELD #2112 OF N.B.B.S. COMMAND AND OTHER UNIDENTIFIED OFFICERS "JOHN DOES" AND"JANE DOES" 1-20 NAMES FICTITIOUS, TRUE NAMES UNKNOWN INTENDED TO DESIGNATE POLICE OFFICERS AND DETECTIVES OF THE N.B.B.S. 60th pct AT THE TIMES AND PLACES ALLEGED

JURY TRIAL DEMANDED

Defendants.

-------------------------------------X

S I R S:

Plaintiff, MARIA FALCHETTI, by her attorney, MICHAEL B. PALILLO, P.C., complaining of the Defendants, alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

That the jurisdiction of this Court is invoked under the Provisions of Sections 1331 and 1343 of Title 28 and

Sections 1983 and 1988 of Title 42 of the United States Code, and under the pendent jurisdiction of this Court with respect to the causes of action under State Law sounding in tort.

Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and c) because a substantial part of the events and omissions giving rise to the action occurred in this District. **42 U.S.C. 1985**

**PARTIES AND FACTS**

1. That this is an action for money damages to redress deprivation by Defendants of the rights secured to the Plaintiff, MARIA FALCHETTI, under the Constitution and Laws of the United States of America and the State of New York.

2. That the Plaintiff, at all dates and times hereinafter mentioned, was and still is a resident of the County of Kings, State of New York.

3. That at all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK, [hereinafter "CITY"], was and still is a Municipal corporation duly organized and existing under and by virtue of the Laws of the State of New York.

4. That at all times hereinafter mentioned, the Defendant, THE NEW YORK CITY POLICE DEPARTMENT, [hereinafter "NYPD"], was and still is a Department and/or Agency of the CITY

OF NEW YORK and operates under its supervision, management and control and which is responsible for the appointment, training, supervision, promotion and discipline of police officers, detectives and supervisory police officers and detectives, including the individually named Defendants herein. Defendant, CITY as an employer of the individual Defendant officers is responsible for their wrongdoing under the doctrine of *respondeat superior*.

5. That at all dates and times hereinafter mentioned, DETECTIVE MIKE CIVIL and unidentified law enforcement personnel, "John Doe/Jane Doe" numbered "1-20" names fictitious, true names unknown but intended to be designated Police Officers/Detectives assigned to the N.B.B.S. were agents servants and or employees of the NYPD a municipal agency for the City of and acted within the scope of their employment as such.

6. The CITY as a municipal entity is authorized under the laws of the State of New York to maintain a police department known as the NYPD which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

7. The CITY assumes the risk incidental to the maintenance of its police force and employment of police officers.

8. Upon information and belief, the law enforcement activity of the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT are funded in part with funds from the Federal Government.

9. That a Notice of Claim was duly presented to the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT at the Office of the Comptroller of the City of New York on the 9TH day of October 2015 which was within ninety (90) days of the cause of action accrued herein.

10. That the CITY has demanded a hearing, pursuant to §50-H of the General Municipal Law, and a hearing was held on July 27, 2016.

11. Said claim has been presented for adjustment and payment and no adjustment or payment has been had.

12. Ther action has been brought within one year and ninety (90) days of the happening of the event complained of.

13. That at all times herein mentioned, the Defendant "CITY" and "NYPD" were acting under color of law, that is, under color of the Constitution, statutes, laws, rules, regulations, customs and usages of the City and State of New York.

14. The within claim against the Defendants is for unlawful search and seizure, unlawful arrest, false imprisonment, unlawful pat down, unlawful detainment, assault, battery, negligence, negligent hiring, training, followed, stopped, accused, detained and/or falsely charged with a crime, in violation of laws which include and are not limited to:

28 U.S.C. §§ 1331, 1343 (3) and 1367 (a)

42 U.S.C. 1983 (Section 1983)

Fourth and Fourteenth Amendments to the United States Constitution;

the laws of the State of New York;

common law torts of false imprisonment/arrest;

Non consensual detention;

Refusal to allow the Plaintiff to leave an area and physically preventing her from leaving an area for a long period of time without her consent and against her will;

Negligence;

Excessive force;

Assault and Battery;

In placing the plaintiff in imminent and offensive bodily contact and/or wrongfully

subjecting him to offensive physical contact without her consent;

In subjecting the Plaintiff to a body search.

Malicious prosecution;

15. The within claim arose on July 22, 2015 at approximately 6:10 A.M. inside the premises 150 Corbin Place Apt. 1P, Brooklyn, New York Apt. 1P.

16. That MARIA FALCHETTI was lawfully inside her apartment located at 150 Corbin Place Apt. 1P, Brooklyn, New York Apt. 1P, asleep in the rear living room.

17. At all dates and times hereinafter mentioned the Plaintiff's son Daniel Lujambio, was asleep in his bedroom.

18. At all dates and times hereinafter mentioned the Plaintiff's son Christopher Lujambio, was asleep in the living room.

19. That MARIA FALCHETTI was subject to an unlawful arrest, assault, battery and unlawful imprisonment when the Defendants forcibly broke down the entrance door of her apartment with a "no knock warrant", entered with machine guns drawn and emergency service officers in riot gear, forcibly removed her from her bed, threw her to the floor, pointed a machine gun to her head, held her in her apartment against her

will for approximately 1.5 hours, grabbed, shoved, handcuffed her, searched her against her will, assaulted her, tightly handcuffed her with her arms behind her back, interrogated her, paraded her in handcuffs outside of her apartment building, onto the sidewalk and street in public view of all her neighbors, pushed her into a white unmarked police van, handcuffed behind her back, drove around picking up other arrested individuals, drove her to the 60th pct with her hands behind her back, took her out of a police vehicle in handcuffs, kept her in the 60th pct for approximately three (3) hours, again searched her, interrogated her, detained her, fingerprinted her, photographed her, restrained her against her will handcuffed, placed in a holding cell from approximately 10:30 am to 1:30 pm wherein she was received a desk appearance ticket and was never told why she was arrested.

20. The Plaintiff was caused to retain an attorney and appeared in the Criminal Court Kings County 120 Schemerhorn Street Brooklyn, New York on September 17, 2015 when she first learned that she was being charged with violation of Penal Law 220.03 CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE 7.

21. The Plaintiff was required to appear in the Criminal Court Kings County on the following dates:

October 14, 2015

November 19, 2015

January 11, 2016

February 9, 2016

April 3, 2016

May 4, 2016

22. That on May 4, 2016 the charges against the Plaintiff were dismissed.

23. That upon information and belief MARIA FALCHETTI was subject to an unlawful arrest by DETECTIVE MIKE CIVIL of the N.B.B.S. 60th pct.

24. That upon information and belief MARIA FALCHETTI was subject to an unlawful arrest by unidentified detectives/police officers "JOHN DOE" and "JANE DOE" "1-20".

25. No facts existed that would give rise to the inference that Plaintiff MARIA FALCHETTI committed any crime or her actions in any other way were unlawful.

26. That the officers of the NYPD and CITY did place handcuffs onto the Plaintiff, in excess of thirty (30) minutes.

27. That the officers of the NYPD and CITY did walk and parade the Plaintiff in handcuffs in the open and on busy public sidewalk.

28. That the officers of the NYPD and CITY did usher the handcuffed Plaintiff into an unmarked white police vehicle where they kept the Plaintiff handcuffed in the vehicle for approximately three (3) hours.

29. That the officers of the NYPD and CITY did drive the handcuffed Plaintiff to the 60th precinct.

30. That the officers of the NYPD and CITY did parade the Plaintiff into the police station in handcuffs.

31. That the officers of the NYPD and CITY did pat down and interrogate the Plaintiff.

32. That the officers of the NYPD and CITY did search the Plaintiff, did photograph the Plaintiff, did finger print her which took approximately twenty (20) minutes.

33. That the officers of the NYPD and CITY did handcuff the Plaintiff to a bench for approximately fifteen (15) minutes.

34. That the officers of the NYPD and CITY did place the Plaintiff into a holding cell for in excess of three (3) hours.

35. MARIA FALCHETTI was aware of her confinement, did not consent to her confinement, the placing of hands onto her person and her arrest and detainment was not otherwise privileged.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE NYPD and CITY 42 U.S.C. 1985**

36. Plaintiff repeats, reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

37. The NYPD and CITY demonstrated a lack of justification for arresting, searching, seizing, questioning, and particularly handcuffing, parading her on a public sidewalk, placing her into police custody, transporting her to a police station, interrogating her, searching her, placing her in a holding cell, detaining her, holding her and thereafter releasing her.

38. MARIA FALCHETTI was subject to a search and seizure of her person and belongings, falsely detained and taken into custody, arrested and unlawful imprisoned, all against her will and without her consent by the agents, servants and/or employees of the CITY and NYPD.

39. That the Defendants CITY and NYPD, its agents, servants and employees acted without probable cause or reasonable suspicion to believe that MARIA FALCHETTI had committed, was committing, was immediately about to commit any crime, offense or violation, or reasonable cause to believe that any criminal activity was afoot when they stopped her; detained her in her apartment and on a public sidewalk; handcuffed her; assaulted her by placing their hands onto her without her consent; arrested her; kept the Plaintiff handcuffed in a white unmarked police vehicle; forcibly transported the Plaintiff to the N.B.B.S. of the 60th pct. against her will, by the agents, servants and/or employees of the CITY/NYPD where she was placed in a holding cell, interrogated; searched, continue to engage in a practice implement and continue to enforce, encourage and sanction policies, practices and/or customs that result in a pattern and practice of unconstitutional stops, searches, seizures, questioning, false arrests of innocent individuals.

40. Through the actions described above the NYPD and CITY have acted knowingly intentionally maliciously and/or with willful, wanton and reckless disregard for MARIA FALCHETTI'S federally and State protected civil rights.

41. The NYPD's and CITY's widespread constitutional abuses have flourished as a result of, directly and proximately caused by ongoing pattern, practices, conspiracy, policies and/or customs devised, implemented and enforced by the NYPD.

42. The NYPD and CITY knew or should have known that their actions as described above were in violation of law.

43. That as a proximate/direct/result of the actions of the CITY/NYPD, its agents, servants and/or employees, MARIA FALCHETTI, upon information and belief, suffered serious emotional and bodily injuries and damage to her reputation for which she may be required to seek additional medical care and treatment in the future, and currently the landlord of her building is seeking to evict her.

44. MARIA FALCHETTI suffered serious emotional injuries, stress upon her physical system psychological and/or emotional injury and anxiety, and damages the full extent of which is not known at this time, for which he was required to and will be required to seek health care in the future.

45. The Plaintiff seeks compensatory damages as authorized and permitted to the highest extent of the Law.

46. As a result of the NYPD and CITY acting knowingly, intentionally and/or willfully and/or with willful, wanton and

reckless disregard for MARIA FALCHETTI and/or her Federally protected rights, Plaintiff seeks punitive damages.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE NYPD AND CITY OF NEW YORK**

47. Plaintiff repeats, reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

48. The Fourth Amendment of the United States Constitution prohibits police officers from conducting stops without a reasonable, articulable suspicion of criminal conduct and searching, seizing or arresting persons without probable cause.

49. The NYPD has engaged in pervasive, unconstitutional practices which are a direct and proximate result of policies, practices and/or customs devised implemented enforced and sanctioned by the CITY with the knowledge that such policies practices and customs would lead to violations of the Fourth and Fourteenth Amendments.

50. These practices, policies and customs include but are not limited to failing to properly screen, train and supervise NYPD officers, failing to adequately monitor and disciple NYPD officers and encouraging and sanctioning and

failing to rectify the NYPD's custom and practices of unlawful stops searches seizures and arrests.

51. That the NYPD and CITY having knowledge that the work of the NYPD demands extensive training, superior judgment and close supervision, the City failed to properly screen, train and supervise NYPD officers, including supervisors, concerning the legal and factual basis for conducting stops, searches seizures and or arrests, knowing that such failures would result in Constitutional violations, such as in the case at bar.

52. That the NYPD has engaged in widespread abuses that are directly and proximately the result of the failure of CITY to properly and adequately monitor disciple, to take necessary corrective actions against NYPD Officers who engage in, encourage or conceal these unconstitutional practices, to take sufficient corrective, disciplinary and remedial action to combat the so called "blue wall of silence" wherein NYPD officers conceal on a consistent basis police misconduct or fail and refused to report same.

53. The NYPD, the CITY OF NEW YORK, and NYPD Officers actions constitute constitutional abuses, have acted with deliberate indifference to the constitutional rights of the Plaintiff in violation of the Fourth Amendment.

54. The NYPD and CITY'S actions constitute constitutional abuses and violations which were and are directly and proximately caused by the policies, practices and customs implemented enforced and encouraged by the NYPD and CITY, and have acted with deliberate indifference to the constitutional rights of the Plaintiff.

55. The NYPD has acted with deliberate indifference to the constitutional rights of those who would come into contact with the NYPD officers by a) inadequately monitoring NYPD officers and their practices related to crime enforcement, failing to sufficiently discipline NYCPD officers who engage in constitutional abuses and encouraging, sanctioning and failing to ratify the NYPD's unconstitutional practices, that responding officers did not inquire into the factual basis for arrests and detentions or whether there were any objective facts which could establish probable cause to arrest the individual, but rather has a policy, practice and/or custom of relying on conclusions made rather than inquiring into whether there are facts know which establish that probable cause to arrest existed, with a deliberate indifference by routinely arresting individuals without knowing whether they actually have probable cause to arrest.

56. As a direct and proximate cause of the CITY'S and NYPD's policies practices and/or customs the plaintiff was subject to an unconstitutional search, seizure, questioning, unlawful detainment, false imprisonment, false arrests by NYPD Officers and malicious prosecution.

57. The NYPD and CITY have acted with a deliberate indifference to the Plaintiff's Fourth Amendment rights.

58. The NYPD and CITY of New York having acted under color of law to deprive the Plaintiff of her rights under the Fourth Amendment, which prohibits the deprivation under color of State Law of the rights secured under the United States Constitution.

59. The policies of the NYPD and CITY has subjected the Plaintiff to a stop, searches, seizures and arrests without any reasonable articulable suspicion of criminality or probable cause.

60. As a result of the foregoing the Plaintiff has suffered serious and irreparable harm to her constitutional rights.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE CITY OF NEW YORK**

61. Plaintiff repeats, reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

62. The NYPD and CITY have engaged in a deliberate indifference to the Fourteenth Amendment rights of the Plaintiff as a result of which Plaintiff's rights have been violated.

63. As a direct and proximate result of the acts and omissions of the NYPD and CITY have acted under color of state law to deprive the Plaintiff of her Fourteenth Amendment rights in violation of 42 U.S.C. 1983.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS DETECTIVE MIKE CIVIL, AND "JOHN DOES" and "JANE DOES" "1" - "20"**

64. Plaintiff repeat, reiterate, re-alleges and incorporates by reference each and every allegation previously set forth herein at length.

65. The conduct of Defendants Detective MIKE CIVIL and "JOHN DOES" and "JANE DOES" "1" - "20" in arresting MARIA FALCHETTI were performed under color of law and without any reasonable suspicion of criminality or other constitutional grounds.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS NYPD, CITY, DETECTIVE MIKE CIVIL AND "JOHN DOES" and "JANE DOES" "1" - "20"**

66. Plaintiff repeats reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

67. The NYPD, CITY, DETECTIVE MIKE CIVIL and "JOHN DOES/JANE DOES" 1-20 have committed the following wrongful acts against the Plaintiff which are tortuous under the Constitution and Laws of the State of New York:

Assault;
Battery;
Unlawful search and seizure
False arrest;
False imprisonment;
Malicious prosecution;
Negligence;
Violation of rights otherwise guaranteed under the constitution and laws of the State of New York.

68. The NYPD, CITY, DETECTIVE MIKE CIVIL and "JOHN DOES" and "JANE DOES" 1-20 were negligent, careless and reckless in the hiring screening training and retention of DETECTIVE MIKE CIVIL, "JOHN DOES" and "JANE DOES" 1-20.

69. The actions NYPD, DETECTIVE MIKE CIVIL and "JOHN DOES" and "JANE DOES" 1-20 were a direct and proximate cause of injury and damages to the Plaintiff and violated the statutory

and common law rights as guaranteed to him under the Constitution and Laws of the State of New York.

**AS AND FOR AN SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS DETECTIVE MIKE CIVIL AND "JOHN DOES" and "JANE DOES" "1" - "20"**

70. Plaintiff repeats reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

71. The actions of the Defendants DETECTIVE MIKE CIVIL "JOHN DOES" and "JANÉ DOES" "1" - "20" occurred while they were in the course of and within the scope of their duty and function as New York City Police officers as agents servants and/or employees of the CITY.

**PRAYER FOR RELIEF**

a) Awarding MARIA FALCHETTI compensatory and punitive damages against the Defendant CITY and NYPD in an amounts that are fair, just and reasonable to be determined at trial;

b) Awarding compensatory damages in an amount that would fully compensate MARIA FALCHETTI , plus pre-judgment interest, mental anguish, emotional pain and suffering, humiliation, embarrassment, physical injury, emotional distress, feelings of paranoia and distrust, depression, low self esteem, sleep deprivation, loss of enjoyment of life, and interference with

life's daily activities, as well as continued stress and anxiety caused by the "CITY" and "NYPD" violations of the law alleged in the Complaint, in an amount to be determined at trial;

c) Declaring the policy, practice and customs of the "CITY" and "NYPD" herein as unconstitutional as it violates the 4th and 14th Amendments of the U.S. Constitution and Law of the State of New York;

d) Enjoining the "CITY" and "NYPD" from continuing it's policy, practice and custom.

e) Enjoining the "CITY" and "NYPD" from continuing it's policy, practice and custom based on racial and/or national origin

f) Awarding Plaintiff reasonable attorney's fees against the Defendant CITY and NYPD;

g) Order all other relief deemed just, proper and equitable by the Court.

**JURY DEMANDED**

Plaintiff demands a trial by jury of all issues of fact and damages.

Dated: August 17, 2016
New York, New York

MICHAEL B. PALILLO (0044)

Michael B. Palillo, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following under penalties of perjury:

1. I am the attorney for the Plaintiff(s) in the above captioned matter. I have read the foregoing Summons and Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true based on a review of the files maintained in this office and conversations had with the Plaintiff(s) The reason why this verification is made by the undersigned attorney rather than the Plaintiff(s) is that the Plaintiff(s) do/does not reside in the County were in I maintain my office for the practice of law.

Dated: New York, New York
August 17, 2016

Michael B. Palillo

Civil Docket No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARIA FALCHETTI

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, DETECTIVE MIKE CIVIL AND OTHER UNIDENTIFIED OFFICERS "JOHN DOES" AND"JANE DOES" 1-5 NAMES FICTITIOUS, TRUE NAMES UNKNOWN INTENDED TO DESIGNATE POLICE OFFICERS AND DETECTIVES OF THE N.B.B.S. COMMAND AT THE TIMES AND PLACES ALLEGED

Defendants.

---

**SUMMONS AND COMPLAINT**

---

**Michael B. Palillo P.C.**
*Attorneys for Plaintiff(s)*
*Office and Post Office Address*:
**277 Broadway, Suite 501**
**New York, NY 10007**
**(212) 608-8959**
(212) 608-0304 Fax (Not for Service)
mpalillo@palillolaw.com
(Not for Service)

---

Signature (Rule 130-1.1-a)

MICHAEL B. PALILLO, ESQ.
0044