Michael B. Palillo P.C.
Attorney for the Plaintiff
277 Broadway Suite 501
New York, New York 10007
212-608-8959
212-608-0304
mpalillo@palillolaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARIA FALCHETTI

                        Plaintiff,

        -against-

THE CITY OF NEW YORK,
CAPTAIN JEAN-MARIE FINNERTY,
CAPTAIN ANDREY SMIRNOV,
SGT. FRANCIS DePALMA f/n/a FRANCIS
COLLADO SHIELD # 11665,
DETECTIVE MIKE CIVIL SHIELD #2114 OF
N.B.B.S. COMMAND,
DETECTIVE DAVID MARCONI SHIELD # 6405,
DETECTIVE EDDIE MARTINS SHIELD # 5713,
DETECTIVE JOHN RIVERA SHIELD #452, and
DETECTIVE PATRICIA JABLONSKI
SHIELD #6531,
                        Defendants.
----------------------------------------X
S I R S:

Civil Action No:
16-cv-04694(ARR)(JO)

**SECOND
AMENDED
VERIFIED
COMPLAINT**

Jury Trial Demanded

        Plaintiff, MARIA FALCHETTI, by her attorney, MICHAEL

B. PALILLO, P.C., complaining of the Defendants, alleges upon

information and belief as follows:

                **JURISDICTION AND VENUE**

        That the jurisdiction of this Court is invoked under

1

the Provisions of Sections 1331 and 1343 of Title 28 and
Sections 1983 and 1988 of Title 42 of the United States Code,
and under the pendent jurisdiction of this Court with respect to
the causes of action under State Law sounding in tort.

Venue is proper in the Eastern District of New York
pursuant to 28 U.S.C. §§ 1391(b) and c) because a substantial
part of the events and omissions giving rise to the action
occurred in this District.   **42 U.S.C. 1985**

### PARTIES AND FACTS

1.    That this is an action for money damages to
redress deprivation by Defendants of the rights secured to the
Plaintiff, MARIA FALCHETTI, under the Constitution and Laws of
the United States of America and the State of New York.

2.    That the Plaintiff, at all dates and times
hereinafter mentioned, was and still is a resident of the County
of Kings, State of New York.

3.    That at all times hereinafter mentioned, the
Defendant, THE CITY OF NEW YORK, [hereinafter "CITY"], was and
still is a Municipal corporation duly organized and existing
under and by virtue of the Laws of the State of New York.

2

4. That at all times hereinafter mentioned, THE NEW YORK CITY POLICE DEPARTMENT, was and still is a Department and/or Agency of the CITY OF NEW YORK and operates under its supervision, management and control and which is responsible for the appointment, training, supervision, promotion and discipline of police officers, detectives and supervisory police officers and detectives, including the individually named Defendants herein. Defendant, CITY as an employer of the individual Defendant officers is responsible for their wrongdoing under the doctrine of *respondeat superior.*

5. Upon information and belief, that at all dates and times hereinafter mentioned, CAPTAIN JEAN-MARIE FINNERTY, CAPTAIN ANDREY SMIRNOV, SGT. FRANCIS DePALMA f/n/a FRANCIS COLLADO, SHIELD # 11665, DETECTIVE MIKE CIVIL SHIELD #2114 OF N.B.B.S. COMMAND, DETECTIVE DAVID MARCONI SHIELD #6405, DETECTIVE EDDIE MARTINS SHIELD # 5713, DETECTIVE JOHN RIVERA SHIELD #452, and DETECTIVE PATRICIA JABLONSKI SHIELD #6531 were designated Captains, Sergeants' Police Officers/Detectives assigned to the N.B.B.S., the 60th Precinct etc., were agents servants and or employees of the New York City Police Department, a municipal agency for THE CITY OF NEW YORK and acted within the scope of their employment as such.

3

6. The CITY OF NEW YORK as a municipal entity is authorized under the laws of the State of New York to maintain a police department known as the New York City Police Department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

7. The CITY OF NEW YORK assumes the risk incidental to the maintenance of its police force and employment of police officers.

8. Upon information and belief, the law enforcement activity of the CITY OF NEW YORK and New York City Police Department are funded in part with funds from the Federal Government.

9. That a Notice of Claim was duly presented to the CITY OF NEW YORK at the Office of the Comptroller of the City of New York on the 9TH day of October 2015 which was within ninety (90) days of the cause of action accrued herein.

10. That the CITY OF NEW YORK has demanded a hearing, pursuant to §50-H of the General Municipal Law, and a hearing was held on July 27, 2016.

11. Said claim has been presented for adjustment and payment and no adjustment or payment has been had.

4

12. This action has been brought within one year and ninety (90) days of the happening of the event complained of.

13. That at all times herein mentioned, the Defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, rules, regulations, customs and usages of the City and State of New York.

14. The within claim against the Defendants is for unlawful search and seizure, unlawful arrest, false imprisonment, unlawful pat down, unlawful detainment, assault, battery, negligence, negligent hiring, training, stopped, accused, detained and/or falsely charged with a crime, in violation of laws which include and are not limited to:

> 28 U.S.C. §§ 1331, 1343 (3) and 1367 (a)
> 42 U.S.C. 1983 (Section 1983)
> Fourth and Fourteenth Amendments to the
> United States Constitution;
> the laws of the State of New York;
> common law torts of false imprisonment/arrest;
> Non consensual detention;
> Refusal to allow the Plaintiff to leave an area
> and physically preventing her from leaving an

5

area for a long period of time without her

consent and against her will;

Negligence;

Excessive force;

Assault and Battery;

In placing the plaintiff in imminent and

offensive bodily contact and/or wrongfully

subjecting him to offensive physical contact

without her consent;

In subjecting the Plaintiff to a body search.

Malicious prosecution;

15. The within claim arose on July 22, 2015 at

approximately 6:10 A.M. inside the premises 150 Corbin Place

Apt. 1P, Brooklyn, New York Apt. 1P, hereinafter known as "THE

PREMISES."

16. That MARIA FALCHETTI was lawfully inside "THE

PREMISES" asleep in the rear living room.

17. At all dates and times hereinafter mentioned the

Plaintiff's son Daniel Lujambio, was asleep in "THE PREMISES" in

his bedroom.

6

18. At all dates and times hereinafter mentioned the Plaintiff's son Christopher Lujambio, was asleep in the living room of "THE PREMISES."

19. MARIA FALCHETTI was subject to an unlawful arrest, assault, battery and unlawful imprisonment when "CAPTAIN JEAN-MARIE FINNERTY," upon information and belief, participated in forcibly breaking down the entrance door of Plaintiff's apartment with a "no knock warrant", entered with machine guns drawn along with emergency service officers in riot gear, participated in forcibly removed Plaintiff from her bed, participated in throwing her to the floor, pointed a machine gun to her head, participated in holding her in her apartment against her will for approximately 1.5 hours, grabbed , shoved, handcuffed her, searched her against her will, assaulted her, tightly handcuffed her with her arms behind her back, interrogated her, paraded her in handcuffs outside of her apartment building, onto the sidewalk and street in public view of all her neighbors, pushed her into a white unmarked police van, handcuffed behind her back, drove around picking up other arrested individuals, drove her to the 60th pct with her hands behind her back, took her out of a police vehicle in handcuffs, kept her in the 60th pct for approximately three (3) hours,

7

again searched her, interrogated her, detained her,
fingerprinted her, photographed her, restrained her against her
will handcuffed, placed in a holding cell from approximately
10:30 am to 1:30 pm wherein she was received a desk appearance
ticket and was never told why she was arrested.

21. MARIA FALCHETTI was subject to an unlawful arrest,
assault, battery and unlawful imprisonment when "CAPTAIN ANDREY
SMIRNOV," upon information and belief, participated in forcibly
breaking down the entrance door of Plaintiff's apartment with a
"no knock warrant", entered with machine guns drawn along with
emergency service officers in riot gear, participated in
forcibly removed Plaintiff from her bed, participated in
throwing her to the floor, pointed a machine gun to her head,
participated in holding her in her apartment against her will
for approximately 1.5 hours, grabbed , shoved, handcuffed her,
searched her against her will, assaulted her, tightly handcuffed
her with her arms behind her back, interrogated her, paraded her
in handcuffs outside of her apartment building, onto the
sidewalk and street in public view of all her neighbors, pushed
her into a white unmarked police van, handcuffed behind her
back, drove around picking up other arrested individuals, drove
her to the 60th pct with her hands behind her back, took her out

8

of a police vehicle in handcuffs, kept her in the 60th pct for approximately three (3) hours, again searched her, interrogated her, detained her, fingerprinted her, photographed her, restrained her against her will handcuffed, placed in a holding cell from approximately 10:30 am to 1:30 pm wherein she was received a desk appearance ticket and was never told why she was arrested.

22. MARIA FALCHETTI was subject to an unlawful arrest, assault, battery and unlawful imprisonment when "Sargent Frances DePalma f/n/a Sargent Frances Collado," upon information and belief, participated in forcibly breaking down the entrance door of Plaintiff's apartment with a "no knock warrant", entered with machine guns drawn along with emergency service officers in riot gear, participated in forcibly removed Plaintiff from her bed, participated in throwing her to the floor, pointed a machine gun to her head, participated in holding her in her apartment against her will for approximately 1.5 hours, grabbed , shoved, handcuffed her, searched her against her will, assaulted her, tightly handcuffed her with her arms behind her back, interrogated her, paraded her in handcuffs outside of her apartment building, onto the sidewalk and street in public view of all her neighbors, pushed her into a white unmarked police

9

van, handcuffed behind her back, drove around picking up other arrested individuals, drove her to the 60th pct with her hands behind her back, took her out of a police vehicle in handcuffs, kept her in the 60th pct for approximately three (3) hours, again searched her, interrogated her, detained her, fingerprinted her, photographed her, restrained her against her will handcuffed, placed in a holding cell from approximately 10:30 am to 1:30 pm wherein she was received a desk appearance ticket and was never told why she was arrested.

23. MARIA FALCHETTI was subject to an unlawful arrest, assault, battery and unlawful imprisonment when "DETECTIVE MIKE CIVIL" upon information and belief, participated in forcibly breaking down the entrance door of Plaintiff's apartment with a "no knock warrant", entered with machine guns drawn along with emergency service officers in riot gear, participated in forcibly removed Plaintiff from her bed, participated in throwing her to the floor, pointed a machine gun to her head, participated in holding her in her apartment against her will for approximately 1.5 hours, grabbed , shoved, handcuffed her, searched her against her will, assaulted her, tightly handcuffed her with her arms behind her back, interrogated her, paraded her in handcuffs outside of her apartment building, onto the

10

sidewalk and street in public view of all her neighbors, pushed

her into a white unmarked police van, handcuffed behind her

back, drove around picking up other arrested individuals, drove

her to the 60th pct with her hands behind her back, took her out

of a police vehicle in handcuffs, kept her in the 60th pct for

approximately three (3) hours, again searched her, interrogated

her, detained her, fingerprinted her, photographed her,

restrained her against her will handcuffed, placed in a holding

cell from approximately 10:30 am to 1:30 pm wherein she was

received a desk appearance ticket and was never told why she was

arrested.

24. MARIA FALCHETTI was subject to an unlawful arrest,

assault, battery and unlawful imprisonment when "DETECTIVE DAVID

MARCONI," upon information and belief, participated in forcibly

breaking down the entrance door of Plaintiff's apartment with a

"no knock warrant", entered with machine guns drawn along with

emergency service officers in riot gear, participated in

forcibly removed Plaintiff from her bed, participated in

throwing her to the floor, pointed a machine gun to her head,

participated in holding her in her apartment against her will

for approximately 1.5 hours, grabbed , shoved, handcuffed her,

searched her against her will, assaulted her, tightly handcuffed

11

her with her arms behind her back, interrogated her, paraded her in handcuffs outside of her apartment building, onto the sidewalk and street in public view of all her neighbors, pushed her into a white unmarked police van, handcuffed behind her back, drove around picking up other arrested individuals, drove her to the 60th pct with her hands behind her back, took her out of a police vehicle in handcuffs, kept her in the 60th pct for approximately three (3) hours, again searched her, interrogated her, detained her, fingerprinted her, photographed her, restrained her against her will handcuffed, placed in a holding cell from approximately 10:30 am to 1:30 pm wherein she was received a desk appearance ticket and was never told why she was arrested.

25. MARIA FALCHETTI was subject to an unlawful arrest, assault, battery and unlawful imprisonment when "DETECTIVE EDDIE MARTINS," upon information and belief, participated in forcibly breaking down the entrance door of Plaintiff's apartment with a "no knock warrant", entered with machine guns drawn along with emergency service officers in riot gear, participated in forcibly removed Plaintiff from her bed, participated in throwing her to the floor, pointed a machine gun to her head, participated in holding her in her apartment against her will

12

for approximately 1.5 hours, grabbed , shoved, handcuffed her, searched her against her will, assaulted her, tightly handcuffed her with her arms behind her back, interrogated her, paraded her in handcuffs outside of her apartment building, onto the sidewalk and street in public view of all her neighbors, pushed her into a white unmarked police van, handcuffed behind her back, drove around picking up other arrested individuals, drove her to the 60th pct with her hands behind her back, took her out of a police vehicle in handcuffs, kept her in the 60th pct for approximately three (3) hours, again searched her, interrogated her, detained her, fingerprinted her, photographed her, restrained her against her will handcuffed, placed in a holding cell from approximately 10:30 am to 1:30 pm wherein she was received a desk appearance ticket and was never told why she was arrested.

26. MARIA FALCHETTI was subject to an unlawful arrest, assault, battery and unlawful imprisonment when "DETECTIVE JOHN RIVERA," upon information and belief, participated in forcibly breaking down the entrance door of Plaintiff's apartment with a "no knock warrant", entered with machine guns drawn along with emergency service officers in riot gear, participated in forcibly removed Plaintiff from her bed, participated in

13

throwing her to the floor, pointed a machine gun to her head, participated in holding her in her apartment against her will for approximately 1.5 hours, grabbed , shoved, handcuffed her, searched her against her will, assaulted her, tightly handcuffed her with her arms behind her back, interrogated her, paraded her in handcuffs outside of her apartment building, onto the sidewalk and street in public view of all her neighbors, pushed her into a white unmarked police van, handcuffed behind her back, drove around picking up other arrested individuals, drove her to the 60th pct with her hands behind her back, took her out of a police vehicle in handcuffs, kept her in the 60th pct for approximately three (3) hours, again searched her, interrogated her, detained her, fingerprinted her, photographed her, restrained her against her will handcuffed, placed in a holding cell from approximately 10:30 am to 1:30 pm wherein she was received a desk appearance ticket and was never told why she was arrested.

26. MARIA FALCHETTI was subject to an unlawful arrest, assault, battery and unlawful imprisonment when "DETECTIVE TERESA JABLONSKI," upon information and belief, participated in forcibly breaking down the entrance door of Plaintiff's apartment with a "no knock warrant", entered with machine guns

14

drawn along with emergency service officers in riot gear,
participated in forcibly removed Plaintiff from her bed,
participated in throwing her to the floor, pointed a machine gun
to her head, participated in holding her in her apartment
against her will for approximately 1.5 hours, grabbed , shoved,
handcuffed her, searched her against her will, assaulted her,
tightly handcuffed her with her arms behind her back,
interrogated her, paraded her in handcuffs outside of her
apartment building, onto the sidewalk and street in public view
of all her neighbors, pushed her into a white unmarked police
van, handcuffed behind her back, drove around picking up other
arrested individuals, drove her to the 60th pct with her hands
behind her back, took her out of a police vehicle in handcuffs,
kept her in the 60th pct for approximately three (3) hours,
again searched her, interrogated her, detained her,
fingerprinted her, photographed her, restrained her against her
will handcuffed, placed in a holding cell from approximately
10:30 am to 1:30 pm wherein she was received a desk appearance
ticket and was never told why she was arrested.

    27. The Plaintiff was caused to retain an attorney and
appeared in the Criminal Court Kings County 120 Schemerhorn
Street Brooklyn, New York on September 17, 2015 when she first

15

learned that she was being charged with violation of Penal Law 220.03 CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE 7.

28. The basis of this criminal charge was that controlled substance was allegedly found in the area where she was.

29. The Plaintiff was required to appear in the Criminal Court Kings County on the following dates:

> October 14, 2015
>
> November 19, 2015
>
> January 11, 2016
>
> February 9, 2016
>
> April 3, 2016
>
> May 4, 2016

30. That on May 4, 2016 the charges against the Plaintiff were dismissed.

31. That upon information and belief MARIA FALCHETTI was subject to an unlawful arrest.

32. No facts existed that would give rise to the inference that Plaintiff MARIA FALCHETTI committed any crime or her actions in any other way were unlawful.

33. That handcuffs were placed onto the Plaintiff, in excess of thirty (30) minutes.

16

34. That the Plaintiff was walked and paraded in handcuffs in the open and on busy public sidewalk.

35. That the Plaintiff was ushered in handcuffed Plaintiff into an unmarked white police vehicle where she was kept the Plaintiff for approximately three (3) hours.

36. That the Plaintiff was driven in handcuffs to the 60th precinct.

37. That the Plaintiff was paraded into the police station in handcuffs.

38. That the Plaintiff was patted down and interrogated.

39. That the Plaintiff was searched, the Plaintiff was photographed, the Plaintiff was fingerprinted all of which took approximately twenty (20) minutes.

40. That the Plaintiff was handcuffed to a bench for approximately fifteen (15) minutes.

41. That the Plaintiff was placed into a holding cell for in excess of three (3) hours.

42. MARIA FALCHETTI was aware of her confinement, did not consent to her confinement, the placing of hands onto her person and her arrest and detainment was not otherwise privileged.

17

## AS AND FOR A FIRST CAUSE OF ACTION

43. Plaintiff repeats, reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

44. That the Defendants demonstrated a lack of justification for arresting, searching, seizing, questioning, and particularly handcuffing, parading her on a public sidewalk, placing her into police custody, transporting her to a police station, interrogating her, searching her, placing her in a holding cell, detaining her, holding her and thereafter releasing her.

45. The Plaintiff was subject to a search and seizure of her person and belongings, falsely detained and taken into custody, arrested and unlawful imprisoned, all against her will and without her consent by the agents, servants and/or employees of the CITY OF NEW YORK, to wit the New York City Police Department employees.

46. That the Defendants, their agents, servants and employees acted without probable cause or reasonable suspicion to believe that MARIA FALCHETTI had committed, was committing, was immediately about to commit any crime, offense or violation, or reasonable cause to believe that any criminal activity was

18

afoot when they stopped her; detained her in her apartment and on a public sidewalk; handcuffed her; assaulted her by placing their hands onto her without her consent; arrested her; kept the Plaintiff handcuffed in a white unmarked police vehicle; forcibly transported the Plaintiff to the N.B.B.S. of the 60th pct. against her will, by the agents, servants and/or employees of the CITY to wit, The New York City Police Department where she was placed in a holding cell, interrogated; searched, continue to engage in a practice implement and continue to enforce, encourage and sanction policies, practices and/or customs that result in a pattern and practice of unconstitutional stops, searches, seizures, questioning, false arrests of innocent individuals.

47. Through the actions described above the Defendants have acted knowingly intentionally maliciously and/or with willful, wanton and reckless disregard for MARIA FALCHETTI'S federally and State protected civil rights.

48. That the Defendants have engaged in widespread constitutional abuses which have flourished as a result of, directly and proximately caused by ongoing pattern, practices, conspiracy, policies and/or customs devised, implemented and enforced by the NYPD.

19

49.   That the Defendants knew or should have known that their actions as described above were in violation of law.

50.   That as a proximate/direct/result of the actions of the CITY OF NEW YORK, its agents, servants and/or employees, MARIA FALCHETTI, upon information and belief, suffered serious emotional and bodily injuries and damage to her reputation for which she may be required to seek additional medical care and treatment in the future, and currently the landlord of her building is seeking to evict her.

51.   MARIA FALCHETTI  suffered serious emotional injuries, stress upon her physical system psychological and/or emotional injury and anxiety, and damages the full extent of which is not known at this time, for which he was required to and will be required to seek health care in the future.

52.   The Plaintiff seeks compensatory damages as authorized and permitted to the highest extent of the Law.

53.   As a result of the Defendants acting knowingly, intentionally and/or willfully and/or with willful, wanton and reckless disregard for MARIA FALCHETTI and/or her Federally protected rights, Plaintiff seeks punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION

54.   Plaintiff repeats, reiterates, realleges and

20

incorporates by reference each and every allegation previously set forth herein at length.

55. The Fourth Amendment of the United States Constitution prohibits police officers from conducting stops without a reasonable, articulable suspicion of criminal conduct and searching, seizing or arresting persons without probable cause.

56. THE CITY OF NEW YORK, it's agents, servants and/or employees, have engaged in pervasive, unconstitutional practices which are a direct and proximate result of policies, practices and/or customs devised implemented enforced and sanctioned by the CITY with the knowledge that such policies practices and customs would lead to violations of the Fourth and Fourteenth Amendments.

57. These practices, policies and customs include but are not limited to failing to properly screen, train and supervise New York City Police Department officers, failing to adequately monitor and disciple New York City Police Department officers and encouraging and sanctioning and failing to rectify the New York City Police Department's custom and practices of unlawful stops searches seizures and arrests.

21

58.    That the CITY OF NEW YORK, it's agents, servants

and/or employees having knowledge that the work of the New York

City Police Department demands extensive training, superior

judgment and close supervision, the CITY OF NEW YORK failed to

properly screen, train and supervise New York City Police

Departments officers, including supervisors, concerning the

legal and factual basis for conducting stops, searches seizures

and or arrests, knowing that such failures would result in

Constitutional violations, such as in the case at bar.

59.    That the CITY OF NEW YORK, it's agents, servants

and/or employees have engaged in widespread abuses that are

directly and proximately the result of the failure of CITY OF

NEW YORK, it's agents, servants and/or employees to properly and

adequately monitor disciple, to take necessary corrective

actions against the New York City Police Department who engage

in, encourage or conceal these unconstitutional practices, to

take sufficient corrective, disciplinary and remedial action to

combat the so called "blue wall of silence" wherein the New York

City Police Department conceal on a consistent basis police

misconduct or fail and refused to report same.

60.    The CITY OF NEW YORK, as well as the actions of it's

agents, servants and/or employees constitute constitutional

abuses, have acted with deliberate indifference to the
constitutional rights of the Plaintiff in violation of the
Fourth Amendment.

61. That the action of the CITY OF NEW YORK, it's agents
servants and/or employees, constitute constitutional abuses and
violations which were and are directly and proximately caused by
the policies, practices and customs implemented enforced and
encouraged by the CITY OF NEW YORK, it's agents servants and/or
employees and have acted with deliberate indifference to the
constitutional rights of the Plaintiff.

62. The CITY OF NEW YORK, it's agents, servants and/or
employees have acted with deliberate indifference to the
constitutional rights of those who would come into contact with
the NYPD officers by a) inadequately monitoring NYPD officers
and their practices related to crime enforcement, failing to
sufficiently discipline NYCPD officers who engage in
constitutional abuses and encouraging, sanctioning and failing
to ratify the NYPD's unconstitutional practices, that responding
officers did not inquire into the factual basis for arrests and
detentions or whether there were any objective facts which could
establish probable cause to arrest the individual, but rather
has a policy, practice and/or custom of relying on conclusions

23

made rather than inquiring into whether there are facts know which establish that probable cause to arrest existed, with a deliberate indifference by routinely arresting individuals without knowing whether they actually have probable cause to arrest.

63.   As a direct and proximate cause of the policies practices and/or customs the plaintiff was subject to an unconstitutional search, seizure, questioning, unlawful detainment, false imprisonment, false arrests by the CITY OF NEW YORK, it's agents, servants and/or employees and malicious prosecution.

64.   That the CITY OF NEW YORK, it's agents, servants and/or employees have acted with a deliberate indifference to the Plaintiff's Fourth Amendment rights.

65.   The CITY OF NEW YORK, it's agents, servants and employees having acted under color of law to deprive the Plaintiff of her rights under the Fourth Amendment, which prohibits the deprivation under color of State Law of the rights secured under the United States Constitution.

66.   The policies of the CITY OF NEW York, it's agents, servants and/or employees have subjected the Plaintiff to a search, seizure and arrest without any reasonable articulable

24

suspicion of criminality or probable cause.

67.   As a result of the foregoing the Plaintiff has
suffered serious and irreparable harm to her constitutional
rights.

## AS AND FOR A THIRD CAUSE OF ACTION

68.   Plaintiff repeats, reiterates, realleges and
incorporates by reference each and every allegation previously
set forth herein at length.

69.   That the CITY OF NEW YORK, it's agents, servants
and/or employees have engaged in a deliberate indifference to
the Fourteenth Amendment rights of the Plaintiff as a result of
which Plaintiff's rights have been violated.

70.   As a direct and proximate result of the acts and
omissions of the CITY OF NEW YORK, their agents, servants and/or
employees acting under color of state law deprived the Plaintiff
of her Fourteenth Amendment rights in violation of 42 U.S.C.
1983.

## AS AND FOR A FOURTH CAUSE OF ACTION

71.   Plaintiff repeat, reiterate, re-alleges and
incorporates by reference each and every allegation previously
set forth herein at length.

72. The conduct of the Defendants in arresting MARIA
FALCHETTI were performed under color of law and without any
reasonable suspicion of criminality or other constitutional
grounds.

## AS AND FOR A FIFTH CAUSE OF ACTION

73. Plaintiff repeats reiterates, realleges and
incorporates by reference each and every allegation previously
set forth herein at length.

74. That the Defendants have committed the following
wrongful acts against the Plaintiff which are tortuous under the
Constitution and Laws of the State of New York:

> Assault;
> Battery;
> Unlawful search and seizure
> False arrest;
> False imprisonment;
> Malicious prosecution;
> Negligence;
> Violation of rights otherwise guaranteed under
> the constitution and laws of the State of New
> York.

75. That the CITY OF NEW YORK, it's agents, servants
and/or employees were negligent, careless and reckless in the
hiring screening training and retention of police officers.

76. The actions of the Defendants were a direct
and proximate cause of injury and damages to the Plaintiff and

26

violated the statutory and common law rights as guaranteed to her under the Constitution and Laws of the State of New York.

## AS AND FOR A SIXTH CAUSE OF ACTION

77. Plaintiff repeats reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

78. The actions of the Defendants CAPTAIN JEAN-MARIE FINNERTY, CAPTAIN ANDREY SMIRNOV, SGT. FRANCIS DePALMA f/n/a FRANCIS COLLADO, DETECTIVE MIKE CIVIL OF N.B.B.S. COMMAND DETECTIVE DAVID MARCONI, DETECTIVE EDDIE MARTINS, DETECTIVE JOHN RIVERA SHIELD and, DETECTIVE PATRICIA JABLONSKI occurred while they were in the course of and within the scope of their duty and function as New York City Police officers as agents servants and/or employees of the CITY OF NEW YORK.

## PRAYER FOR RELIEF

a) Awarding MARIA FALCHETTI compensatory and punitive damages against the Defendants in amounts that are fair, just and reasonable to be determined at trial;

b) Awarding compensatory damages in an amount that would fully compensate MARIA FALCHETTI , plus pre-judgment interest, mental anguish, emotional pain and suffering, humiliation, embarrassment, physical injury, emotional distress, feelings of

27

paranoia and distrust, depression, low self esteem, sleep deprivation, loss of enjoyment of life, and interference with life's daily activities, as well as continued stress and anxiety caused by the Defendants violations of the law alleged in the Complaint, in an amount to be determined at trial;

c) Declaring the policy, practice and customs of the "CITY" and "NYPD" herein as unconstitutional as it violates the 4th and 14th Amendments of the U.S. Constitution and Law of the State of New York;

d) Enjoining the "CITY" and "NYPD" from continuing it's policy, practice and custom.

e) Enjoining the "CITY" and "NYPD" from continuing it's policy, practice and custom based on racial and/or national origin

f) Awarding Plaintiff reasonable attorney's fees against the Defendants;

g) Order all other relief deemed just, proper and equitable by the Court.

## **JURY DEMANDED**

Plaintiff demands a trial by jury of all issues of fact

and damages.

Dated: March 15, 2017
       New York, New York

MICHAEL B. PALILLO (0044)

Michael B. Palillo, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following under penalties of perjury:

1.   I am the attorney for the Plaintiff(s) in the above captioned matter. I have read the foregoing **SECOND SUPPLEMENTAL SUMMONS & SECOND AMENDED COMPLAINT** and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true based on a review of the files maintained in this office and conversations had with the Plaintiff(s). The reason why this verification is made by the undersigned attorney rather than the Plaintiff(s) is that the Plaintiff(s) do/does not reside in the County were in I maintain my office for the practice of law.

Dated: New York, New York
        March 15, 2017

_____
Michael B. Palillo

Civil Docket No. 16-cv-4694 (ARR)(JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIA FALCHETTI

Plaintiff,

   -against-

THE CITY OF NEW YORK,
CAPTAIN JEAN-MARIE FINNERTY,
CAPTAIN ANDREY SMIRNOV,
SGT. FRANCIS DePALMA f/n/a FRANCIS
COLLADO SHIELD # 11665,
DETECTIVE MIKE CIVIL SHIELD #2114 OF
N.B.B.S. COMMAND,
DETECTIVE DAVID MARCONI SHIELD # 6405,
DETECTIVE EDDIE MARTINS SHIELD # 5713,
DETECTIVE JOHN RIVERA SHIELD #452, and
DETECTIVE PATRICIA JABLONSKI
SHIELD #6531,

Defendants.

## SECOND SUPPLEMENTAL SUMMONS &
## SECOND AMENDED VERIFIED COMPLAINT

### Michael B. Palillo P.C.

*Attorneys for Plaintiff(s)*
*Office and Post Office Address*:
**277 Broadway, Suite 501**
**New York, NY 10007**
**(212) 608-8959**
(212) 608-0304 Fax (Not for Service)
mpalillo@palillolaw.com
(Not for Service)

Signature (Rule 130-1.1-a)

MICHAEL B. PALILLO, ESQ.
0044